## Shiffer Estate

*Robert A. Enders,* for accountant.
*David Dewees,* for exceptant.

SWOPE, *P. J.*, June 8, 1976—This matter arises out of exceptions filed to the first and final account of Neil B. March, executor of the estate of Albert Lee Shiffer, deceased. Testator died on November 24, 1974, and was survived by his four natural children and his stepdaughter, Maxine Ramberger. His will, dated November 2, 1968, bequeathed, in Item 2, certain real and personal property to "my Step-Daughter Maxine Troutman Ramberger" and in item 3 bequeathed the residuary portion of the estate to "the following living children" naming thereafter testator's four natural children. Testator additionally provided in item 3 that, "In case any of my children should predecease me then their share to be divided equally between the other living children." On April 1, 1974, testator executed a codicil stating, inter alia, that his will was to be changed and that all real and personal property be sold and "the money what is left to be divided to in equal shares I. (sic) devise and bequeath the rest after all expenses paid to children mentioned in my Will."

The question raised here is whether "children mentioned in my Will" includes the petitioner, Maxine Ramberger, despite the fact that she is the stepdaughter of testator.

It is petitioner's contention that testator's use of the word "my" when referring to his stepdaughter and to his natural children in his will demonstrates that he thought of all of the children as his and that his use of the phrase "to children mentioned in my Will" in the codicil evidences an intent that his natural children and his stepdaughter should be included in the distribution of his estate. This contention is not supported in law.

As a general rule, when a limitation of a bequest is in favor of the children of a designated person, all stepchildren or others related only by affinity are excluded from possible takers thereunder, except when a contrary intent of testator is found: Restatement, Property, §289 (1940).

In Kurtz Estate, 145 Pa. 637, 23 Atl. 322 (1892), testator was survived by his wife, three children of their marriage, an illegitimate son and two stepchildren by his wife's former marriage. Testator devised certain property to these stepchildren, describing them as children "which came to me by marriage with my wife" and bequeathed the residuary portion of the estate to his wife and children. The court held that the word "children" included the natural children of testator, not children of his wife by a former marriage, and the stepchildren could not share in the distribution of the residuary portion of the estate.

Similarly, in Potts Estate, 23 Lanc. 255 (1906), testatrix bequeathed $1,000 each to "Elizabeth Sides and ——— Sides children of my brother B. F. Sides." B. F. Sides had one other child and a stepchild by his wife's prior marriage. The court held that "children of my brother" referred to children of his blood and not children of his wife's blood.

Petitioner here was not of testator's blood and her relation to testator was merely one of affinity. There are four natural children of testator and it cannot be said that testator intended the phrase "to children mentioned in my Will" to include his stepdaughter. Quite the contrary, this phrase relates back to the will where testator, as testator in Kurtz Estate, supra, clearly differentiated between his natural children and his stepdaughter.

As no contrary intent has been shown, it must be held that the bequest in the codicil "to children mentioned in my Will" does not include testator's stepdaughter.

Accordingly, we make the following

### FINAL ORDER

And now, June 8, 1976, the within exceptions are hereby dismissed.